UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| GERALD FIFIELD ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| vs. ) | |
| ) | |
| NEW LEAF SOLUTIONS, LLC ) | |
| ) | |
| Defendant. ) | |

# PLAINTIFFS' ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

## *I. INTRODUCTION*

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, New Hampshire Unfair, Deceptive or Unreasonable Collection Practices Act ("UDUCPA"), NH RSA 358-C, New Hampshire Regulation Of Business Practices For Consumer Protection, NH RSA 358-A, and all applicable common law causes.

## *II. JURISDICTION AND VENUE*

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where the Plaintiff resides in this district, and/or where Defendant transacts business in this district.

### III. PARTIES

4. Plaintiff Gerald Fifield is a natural person residing in Belknap County in the State of New Hampshire.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and RSA 358-C:1(I).

6. Defendant, New Leaf Solutions, LLC is a limited liability company created under the laws of Washington with registered agent by the name of Zach Bonn located at 608 46th St SE #22, Everett, WA 98203, and a mailing address of PO Box 12274, Everett, WA 98203.

7. Defendant, New Leaf Solutions, LLC is an entity who at all relevant times was engaged, by use of the phones, in the business of attempting to collect a "debt" from the Plaintiff, as defined by 15 U.S.C. § 1692a(5) and RSA 358-C:1(IV).

8. New Leaf Solutions, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and RSA 358-C:1(VIII).

### IV. FACTUAL ALLEGATIONS

9. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 USC § 1692.

10. Plaintiff is a natural person contacted by New Leaf Solutions, LLC for the purposes of collecting a debt owed or allegedly owed to another.

11. New Leaf Solutions, LLC uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly

collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. New Leaf Solutions, LLC purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

13. New Leaf Solutions, LLC is thoroughly enmeshed in the debt collection business.

14. New Leaf Solutions, LLC has invaded the plaintiffs individual right to privacy and potentially contributed to marital instability.

### V. CLAIMS FOR RELIEF

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### §§ 1692e(11)

15. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated under this count.

16. Debt collectors must comply with the law when leaving consumers telephone messages in an attempt to collect a debt.

17. Consumers have a right to meaningful disclosure of their rights under the law.

18. 15 U.S.C. § 1692e(11), provides:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following Conduct is a violation of this section:
> \*          \*          \*
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector…"

19. Defendant left a message on Plaintiff's answering machine as follows:

"Hi, this message is for Gerald Fifield, Jr. My name is Richard Wells. I represent the interests of New Leaf Solutions. I'm contacting you regarding file number BAF5745. It is imperative that you or your legal counsel make immediate contact with me in my office to secure voluntary resolution regarding this matter. If I'm unable to reach you or you fail to return this message, your file will become a candidate for formal involuntary processing. Again this notice of intent regarding file number BAF5745. You can reach me at 425-212-1564. Please give us a call back soon so we can help you resolve this matter. Thank you and have a good day."

20. Defendant's message did NOT include the 1692e(11) required disclaimer.

21. Defendant therefore violated 15 USC §1692e when they left a message on Gerald Fifield's answering machine that did not provide the statutorily required notice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that New Leaf Solutions, LLC violated 15 U.S.C. §1692e(11).

b) Awarding Plaintiff Gerald Fifield statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by the FDCPA;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## § 1692c(b)

22. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated under this count.

23. 15 U.S.C. § 1692c(b), provides:

"Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of

competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector"

24. Here the Defendant left a voice recording on the Plaintiff's answering machine.

25. That voice recording broadcast information about the debt to third parties.

26. No statutory exception applies to this communication.

27. Defendant, by leaving a message regarding a debt that was broadcasted to third parties, has violated 15 U.S.C. § 1692c(b).

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## § 1692e(10)

28. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated under this count.

29. 15 U.S.C. § 1692e(10) provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing the following conduct is a violation of this section:
    *          *          *
    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. "It is a violation to send any communication that conveys to the consumer a false sense of urgency." Leyse v. Corporate Collection Services, Inc., 2006 WL 2708451 (S.D.N.Y. 2006) (citing Federal Trade Commission Staff Commentary 53 Fed.Reg. 50097 (1988)); see also Romine v. Diversitied Collection Servs., 155 F. 3d 1142, 1143 (9th Cir. 1998) (holding that a debt collector violates 15 U.S.C. § 1692e(10) by creating a false sense of urgency).

31. Defendant left a message on Plaintiff's answering machine as follows:

"Hi, this message is for Gerald Fifield, Jr. My name is Richard Wells. I represent the interests of New Leaf Solutions. I'm contacting you regarding file number BAF5745. It is imperative that you or your legal counsel make immediate contact with me in my office to secure voluntary resolution regarding this matter. If I'm unable to reach you or you fail to return this message, your file will become a candidate for formal involuntary processing. Again this notice of intent regarding file number BAF5745. You can reach me at 425-212-1564. Please give us a call back soon so we can help you resolve this matter. Thank you and have a good day."

32. In the voicemail message cited above Defendant conveyed a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector, including, but not limited to the following statements:

   a. "It is *imperative* that you or your legal counsel make *immediate* contact with me in my office."

   b. "If I am unable to reach you or *you fail to return this message*, your file will become a candidate for formal involuntary processing."

33. Defendant violated 15 U.S.C. § 1692e(10) by leaving Plaintiff a voice message/ voice recording conveying a false sense of urgency, in connection with the collection of a debt, and intended to entice the Plaintiff to communicate with the Defendant.

   WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## §§ 1692e and 1692f

34. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated under this count.

35. The law prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 USC § 1692e.

36. The law prohibits "unfair or unconscionable means to collect or attempt to collect any debt." 15 USC § 1692f.

37. In connection with the collection of a debt, Defendant asserted that it is a "non-depository credit intermediary" and not a "debt collector."

38. Defendant is in fact a debt collector.

39. Defendant is not a "non-depository credit intermediary"

40. To the extent that the Defendant has anointed itself as a "non-depository credit intermediary," it still remains a debt collector under 15 USC § 1692a.

41. The term "non-depository credit intermediary" has no legal meaning or no meaning applicable to this cause.

42. In informing the Plaintiff that they were a "non-depository credit intermediary" and not a debt collector, Defendants deceived or misled the Plaintiff.

43. Defendant violated 15 USC § 1692e by providing a "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 USC § 1692e.

44. Defendant violated 15 USC §1692f by unfairly indicating to the Plaintiff that they were not a debt collector, but instead a "non-depository credit intermediary."

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that New Leaf Solutions, LLC violated 15 U.S.C. §1692e and/or 15 U.S.C. § 1692f;

b) Awarding Plaintiff Gerald Fifield statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by the FDCPA;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## § 1692e

45. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated under this count.

46. 15 U.S.C. § 1692e(10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing the following conduct is a violation of this section:
> \*     \*     \*
> The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

47.   Defendant left a message on Plaintiff's answering machine as follows:

"Hi, this message is for Gerald Fifield, Jr. My name is Richard Wells. I represent the interests of New Leaf Solutions. I'm contacting you regarding file number BAF5745. It is imperative that you or your legal counsel make immediate contact with me in my office to secure voluntary resolution regarding this matter. If I'm unable to reach you or you fail to return this message, your file will become a candidate for formal involuntary processing. Again this notice of intent regarding file number BAF5745. You can reach me at 425-212-1564. Please give us a call back soon so we can help you resolve this matter. Thank you and have a good day."

48.   In the voicemail message cited above Defendant implied that if the Plaintiff failed to act then his "file will become a candidate for formal involuntary processing."

49.   This communication from the Defendant is reviewed under the least sophisticated consumer standard.

50.   "The fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993) citing. Federal Trade Commission v. Standard Education Society, 302 U.S. 112, 116 (1937).

51.   Here, the phrase "formal involuntary processing" is a false or deceptive representation.

52.   This phrase is misleading to the least sophisticated consumer.

53.   This phrase was employed by the Defendant in order to create a false sense of urgency in order to coerce the Plaintiff to pay the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that New Leaf Solutions, LLC violated 15 U.S.C. §1692e and/or 15 U.S.C. § 1692f;

   b) Awarding Plaintiff Gerald Fifield statutory damages, pursuant to 15 U.S.C. §

1692k, in the amount of $1,000.00;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by the FDCPA;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## DEFENDANT VIOLATED NH RSA 358-C:3(IV)

54. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated under this count.

55. Debt collectors are prohibited by state law from employing unfair, deceptive or unreasonable collection practices in attempting to collect a debt. NH RSA 358-C.

56. It is considered an unfair, deceptive or unreasonable act under state law to communicate or threaten to communicate, except by proper judicial process, the fact of a debt to a person other than the person who might reasonably be expected to be liable therefor. NH RSA 358-C:3(IV).

57. Agents of the Defendant called the Plaintiff and left a message on the Plaintiff's answering machine that served to communicate the fact of the debt to third parties.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that New Leaf Solutions, LLC violated NH RSA 358-C;

b) Awarding Plaintiff statutory damages, pursuant to NH RSA 358-C;

c) Awarding Plaintiff's reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-C;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## DEFENDANT VIOLATED NH RSA 358-A *via* NH RSA 358-C

58. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated under this count.

59. Any violation of NH RSA 358-C also constitutes an unfair and deceptive act or practice within the meaning of NH RSA 358-A. RSA 358-C:4(VI).

60. Defendant has violated NH RSA 358-C by communicating the fact of a debt to a person other than the person who might reasonably be expected to be liable therefore. *See.* NH RSA 358-C:3(IV).

61. NH RSA 358-A:10 provides for statutory damages of $1,000 to $3,000 plus costs and reasonable attorneys' fees.

62. Through violations of NH RSA 358-C Defendant has violated NH RSA 358-A.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that New Leaf Solutions, LLC violated NH RSA 358-A;

b) Awarding Plaintiff $1,000 in statutory damages, pursuant to NH RSA 358-A:10;

c) Awarding the Plaintiff $3,000 in statutory damages by finding the violation to be willful or knowing;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-A:10;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
### DEFENDANT VIOLATED RSA 358:A BY EMPLOYING A DECEPTIVE PRACTICE IN THE COLLECTION OF A DEBT

63. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

64. Under New Hampshire law it is unlawful to use any unfair or deceptive act or practice in the conduct of any trade or commerce. NH RSA 358-A:2.

65. Defendant was at all relevant times herein engaged in trade or commerce within the State.

66. Defendant employed and unfair or deceptive act or practice when they made phone calls with the intent to abuse, annoy or harass the plaintiff.

67. Defendant employed an unfair or deceptive act or practice when they communicated with third parties about the debt through an answering machine message.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

a. Adjudging that New Leaf Solutions, LLC violated NH RSA 358-A;

b. Awarding the Plaintiff statutory damages, pursuant to NH RSA 358-A;

c. Awarding the Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-A:10;

d. Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## INVASION OF PRIVACY

68. Plaintiffs repeat and re-allege each and every allegation contained above.

69. Defendant invaded the peace and quiet enjoyment of Plaintiff's home.

70. Defendant without right or justification intruded upon the seclusion of the Plaintiff.

71. Defendant shed the Plaintiff in a false light.

72. Defendant broadcast information that would subject the plaintiff to scorn or ridcule.

73. Defendant therefore invaded the privacy of the Plaintiff and/or violated his common law rights.

74. Plaintiff suffered damages in loss of enjoyment of life, increased stress, mental and emotional disturbance.

WHEREFORE, Plaintiff prays for relief, Judgment in their favor, and award of damages.

## JURY TRIAL REQUESTED

August 27, 2013

Respectfully submitted,
PLAINTIFF
**Gerald Fifield**
By His Attorney

/s/ John F. Skinner, III
Atty. John F. Skinner III
NHBN: 19886
Skinner Law PLLC
530 Chestnut Street, 3rd Floor
Manchester, NH 03101
Tel: (603) 622-8100
Fax: (888) 912-1497
AttorneySkinner@gmail.com